C. J. p. 87, § 508; Addington v. Times Pub. Co., 138 La. 731, 70 So. 784.

For the reasons assigned, the verdict and the judgment appealed from are affirmed.

ST. PAUL and ROGERS, JJ., concur in the decree on the ground that the verdict of the jury is not shown to be manifestly erroneous.

═══════

(115 So. 637)

No. 28191.

## ROSENBERG v. DERBES et al.

Nov. 2, 1926.    On the Merits, Jan. 18, 1928.

Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬅➡640—Where petition absent from transcript in case was found in transcript in consolidated case, petition was properly before court for its consideration.**

   Where petition which was absent from transcript was found in transcript in consolidated case, such petition was properly before Supreme Court for its consideration.

### On the Merits.

2. **Vendor and purchaser ⬅➡351(8)—Sales; one contracting to sell property to which he has no title, not acquainting purchaser with facts, does so in "bad faith" as regards damages for breach (Rev. Civ. Code, art. 1934, subd. 2).**

   One who contracts to sell property of another, and who at time of contract has no title to property and does not acquaint prospective purchaser with that fact, must be held to be in legal "bad faith" within meaning of Rev. Civ. Code, art. 1934, subd. 2, relating to damages for breach of contract, however honestly he may have believed that he could comply with his contractual obligations.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bad Faith.]

3. **Vendor and purchaser ⬅➡351(8)—Sales; vendor defaulting in land sales contract because he could not acquire title was liable for profit purchaser lost (Rev. Civ. Code, art. 1930, and art. 1934, subd. 2).**

   Vendor defaulting in contract for sale of land of another who refused to sell to vendor, was liable under Rev. Civ. Code, art. 1930, and article 1934, subd. 2, for loss purchaser sustained and profit of which he was deprived because of his inability to fulfill his contract to sell same land to another at higher price.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Action by Joseph Rosenberg against Philip J. Derbes and others. From a judgment for plaintiff, defendant named appeals. Affirmed.

See, also, 161 La. 1070, 109 So. 841.

Prentice E. Edrington, Jr., of New Orleans, for appellant.

Titche, Kiam & Titche, of New Orleans, for appellee.

### Motion to Dismiss.

LAND, J. Plaintiff and appellee has moved to dismiss the appeal in this case on the ground that it is not possible for this court to dispose of the issues, as the petition is missing from the transcript.

By order of this court of date October 5, 1926, the present suit, No. 28191, was consolidated with suits Nos. 27810 and 27885, each entitled Joseph Rosenberg v. Philip J. Derbes, as one transcript.

[1] As the petition which is absent from the transcript in this particular case, No. 28191, is found in the transcript in the consolidated case, No. 27810, this document is properly before the court for its consideration.

The motion to dismiss is therefore without merit, and it is ordered that said motion be overruled.

### On the Merits.

BRUNOT, J. This is an appeal by Philip J. Derbes from a judgment rendered against him for $6,000, with legal interest thereon from judicial demand until paid and for costs of the suit.

The plaintiff contracted with the agent of the defendant to purchase certain real estate

situated in the city of New Orleans for the price of $22,500, the act of sale to be passed within 60 days from October 9, 1925, the purchase price of the property to be paid in cash, and $2,250, representing 10 per cent. of the price, was deposited by the plaintiff with defendant's said agent, under the terms of the contract, which also contained the stipulation that the sum deposited should not be regarded as earnest, but that the right to enforce specific performance was reserved to both parties.

Defendant was not the owner of the property he had contracted to convey to plaintiff. He had contracted with the owner for the purchase of the property, but the owner receded from the contract and refused to comply with the obligations it imposed upon him. In the meantime, and without knowledge of these facts, plaintiff contracted to sell the property to the High Grade Realty Company for the sum and price of $28,500 cash, and that company deposited with the plaintiff $2,850, or 10 per cent. of the agreed price, which, under the terms of the contract, was not to be regarded as earnest money. Upon ascertaining that plaintiff could not acquire title to the property described in the accepted proposal to sell, the High Grade Realty Company demanded the return of the deposit it made pursuant to the terms of that agreement, and plaintiff complied with that demand.

This suit followed, and it is for the difference between the price for which defendant had contracted to sell the property to the plaintiff and the price which the High Grade Realty Company had contracted to pay to plaintiff for the property, or, in other words, the profit plaintiff would have made out of the transaction if defendant had not defaulted on his contract to sell the property to the plaintiff.

We think this case comes under and is to be governed by the provisions of articles 1930

and 1934 of the Revised Civil Code. We quote article 1930 and the pertinent part of article 1934:

Article 1930. "The obligations of contract extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages which the other party has sustained by his default."

Article 1934. "Where the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:

"1. * * * When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. By bad faith in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will.

"2. * * * When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages cannot exceed this," etc.

While the case of Tulane Educational Fund v. Baccich & De Montluzin, 129 La. 469, 56 So. 371, is not in point as to the particular issue presented in this case, nevertheless, in the body of the opinion, the court quotes with approval and cites authorities sustaining the following principle:

"But, where the vendor contracts to sell lands which he knows at the time he has not the power to convey, he must abide by his contract, and should be held to make good to the vendee any loss he may sustain by reason of his violation; nor is it any excuse in the vendor in such case that he may have acted in good faith and fully believed when he entered into the contract that he should be able to procure a good title for his purchaser."

In the Tulane-Baccich Case, the court also quoted with approval article 1119 of the Code Napoleon, which follows:

"If you have sold it, knowing it to belong to another, you are guilty of bad faith."

[2] We are of the opinion that one who contracts to sell the property of another who, at the time the contract is entered into, has no title to the property, and does not acquaint the prospective buyer with that fact, must be held to be in legal bad faith, however honestly he may have believed that he could comply with his contractual obligations.

[3] In suits of this character the measure of damages is the loss the plaintiff has sustained and the profit of which he has been deprived. Williams & Co. v. Bienvenue, 109 La. 1023, 34 So. 63.

Defendant's default on his contract with the plaintiff caused the latter to suffer the loss of $6,000 in profits which, but for the default, he would have realized under his contract of sale with the High Grade Realty Company. The judgment appealed from was for that sum; it is correct; and it is therefore affirmed, at appellant's cost.

ST. PAUL and ROGERS, JJ., concur in the decree.

ROGERS, J. As I view it, the good or bad faith of the defendant is not an issue in the case. However, I do not think his good faith can be disputed. The question is not presented of the defendant obligating himself to sell property he knew he did not own, but of his obligating himself to sell property he thought he virtually owned by reason of his agreement to purchase it. The defendant in good faith entered into a contract with plaintiff, which, by reason of the default of his obligor, he was unable to carry out, and plaintiff thereby suffered a loss of $6,000. Defendant must make good plaintiff's loss. I therefore concur in the decree ordering him to do so.