CHASEZ, Judge.
Mrs. Louise Victor allegedly executed and endorsed a promissory note on March 5, 1961, payable to the order of “MYSELF”, in the amount of $2,221.20, and in order to secure the note, she allegedly executed a mortgage in favor of Housecraft as mortgagee. The subject of the mortgage was real property being 3035 Ernest Street, Parish of Orleans, New Orleans, Louisiana. (For purposes of this opinion the entire property description is not necessary.) The mortgage was not in authentic form, but was a private act, duly acknowledged.
Mrs. Louise Victor died on February 25, 1962, but her succession was not opened immediately.
On August 21, 1964 plaintiff filed suit via ordinaria to foreclose on the mortgage because, it alleged, nothing had been paid on the note. Since the deceased’s succession had not been opened, a curator ad hoc was appointed to represent her estate and he answered the petition on September 17, 1964 in the form of general denial. Subsequently, on January 20, 1965, the succession of Mrs. Louise N. Victor was opened by Mrs. Aserlee Jackson Mackey, bearing Docket No. 431-588 of the Civil District Court. Mrs. Aserlee Jackson Mackey petitioned the court for possession under a will left by the decedent. On January 22, 1965 there was a Judgment of Possession rendered in the succession proceeding, declaring Mrs. Aserlee Jackson Mackey to be the sole legatee of the defendant, Mrs. Louise N. Victor, placing her in possession of the property subject to a mortgage. Mrs. Mackey accepted the succession unconditionally and personally obligated herself to pay such mortgage indebtedness. The Sworn Descriptive List describes the debt as follows:
“Mortgage (Housecraft)_$1,702.92.”
Plaintiff, Housecraft Division of Southern Siding Company (Housecraft) is a Louisiana partnership. At the time of the suit the partners were Leo Mervis and Celia Mervis. Leo Mervis died on January 2, 1967. On November 2, 1967 a motion was made and an order signed to substitute parties plaintiff and defendant. The co-executors of the Estate of Leo Mervis were substituted as plaintiffs and Mrs. As-erlee Jackson Mackey as the legal successor of Mrs. Louise N. Victor was substituted as defendant. Mrs. Aserlee Jackson Mackey did not appear to substitute herself after allegedly having been personally served by plaintiff and an attorney was appointed to represent her in accordance with LSA-C.C.P. 804(2), as then written. (Article 804 was amended in 1968 to provide that where the legal successor has been served personally, there need not be an appointment of a curator.) The curator filed an answer in the form of a general denial on June 26, 1968 and the case was heard *289 on the merits on May 15, 1969. Judgment was rendered in favor of defendant, dismissing plaintiffs’ claim and. this appeal followed.
At the trial the only witness to testify was counsel for plaintiffs. He admitted that the suit was not an attempt to get a personal judgment against the legal successor, Mrs. Mackey, but was only an attempt to foreclose on the mortgage.
It is apparent from the record that all concerned participants in the trial below were under the misapprehension that the genuineness of the mortgage had to be proved because the mortgage was not in authentic form. However, this is not the case because an act under private signature, duly acknowledged, is deemed prima facie true and will be admitted into evidence without further proof. LSA-R.S. 13:3720. This statute provides that when any instrument is purported to be attested to by two or more witnesses and that instrument is accompanied by an affidavit executed by one of the witnesses or the grantor or vendor, which affidavit sets forth substantially that the instrument was signed or executed by the parties to it in his presence, then that instrument shall be deemed prima facie true and genuine and shall be accepted in evidence without further proof. See Jackson v. Florsheim Bros. Dry Goods Co., 171 La. 605, 131 So. 725 (1930); Le Boeuf v. Duplantis, La.App., 162 So. 592 (1st Cir. 1935).
The note and mortgage, therefore, should have been accepted in evidence and the only question should have been what amount was due and owing on the note.
The trial judge gave no written reasons for his judgment and it is not clear whether it was based on the plaintiffs not proving the mortgage or not proving the amount due.
The mortgage and note were admissible into evidence without further proof and were offered into evidence by plaintiffs. The objection offered by defendant that the mortgage was not in authentic form and therefore had to be proved does not rebut the prima facie genuineness of the instrument. We, therefore, hold the mortgage and note to be genuine and the only remaining question is whether there was sufficient proof offered to show the amount due on the note.
 The attorney for plaintiffs testified he knew nothing had been paid on the note for the two years immediately prior to the trial because he had handled the file. However, since the trial was in 1969 and the note was executed in 1961, there is room for doubt as to whether any installments were paid on the note prior to 1967. No records were introduced and other than the testimony of its attorney to show that nothing had been paid on the note the only proof offered was the succession proceedings of Mrs. Louise N. Victor which showed in the Sworn Descriptive List the item listed above as “Mortgage (House-craft) . . . $1,702.92.” Plaintiff argues that this acknowledgment of the debt in the Sworn Descriptive List proves the amount due at least to the extent of $1,702.92, an argument to which this court cannot subscribe. The mortgage executed by Mrs. Victor was to secure a promissory note in the amount of $2,221.20. The mortgage listed in the Sworn Descriptive List is in the amount of $1,702.92. There is nothing to indicate that these two mortgages are the same. The mortgage in the Sworn Descriptive List was not identified in any manner. It could possibly be an entirely different mortgage. Therefore, we must hold that plaintiffs have not proved their case. However, since it appears that plaintiff may be able to present sufficient evidence to make out his case if his right to do so is preserved, we will dismiss this case without prejudice. LSA-C. C.P. articles 2164, 1673, 1844.
For the foregoing reasons, the judgment in favor of defendant, Mrs. Aserlee Jackson Mackey, as legal successor to defendant, Louise N. Victor, and against plaintiffs, Samuel I. Rosenberg and Helen A. *290 Mervis, co-testamentary executors of the Succession of Leo Mervis, and Housecraft Division of the Southern Siding Company, and Celia Mervis, dismissing plaintiffs’ suit at their cost is amended so as to be dismissed without prejudice and in all other respects is affirmed. Costs of this appeal to be paid by plaintiffs-appellants.
Amended and as amended, affirmed.